ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| JIMMY MARÍN RIVERA<br><br>RECURRIDA<br><br><br>V.<br><br><br>CONSEJO DE TITULARES Y JUNTA DE CONDOMINIO PARKVIEW TERRACE/PRESIDENTE CECILIO FIGUEROA<br><br>RECURRENTE | KLRA202400261 | *REVISIÓN JUDICIAL* procedente del Departamento de Asuntos del Consumidor, Oficina de la Secretaria<br>_____<br>Querella Núm.:<br><br>C-SAN-2023-0015665<br><br>SOBRE:<br><br>Condominio |

Panel integrado por su presidente el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente

# **S E N T E N C I A**

En San Juan, Puerto Rico, a 28 de junio de 2024.

La parte recurrida, Jimmy Marín Rivera, comparece mediante recurso de revisión judicial. Solicita la revisión del *Relevo de Resolución* dictada el 18 de abril de 2024 y notificada el 23 de abril de 2024 por el Departamento de Asuntos del Consumidor (DACo) y de la *Resolución Sumaria*, dictada el 29 de abril de 2024 y notificada a las partes el 30 de abril de 2024.

Por entender que no le asiste la razón al DACo, *revocamos*.

**-I-**

El **28 de julio de 2023**, la parte recurrida radicó la querella número C-SAN-2023-0015665, reclamando ver los siguientes documentos: a) Informes anuales del 2014 al 2023, b) Minutas de reuniones importantes de los últimos tres (3) años, c) Informe del pago del seguro, d) Integrantes de los miembros de la Junta. El **16 de agosto de 2023,** el DACo notificó a la parte recurrente, Junta de Directores Condominio Park View Terrace.[1]

---

[1] Apéndice del Recurso, Anejo 6, págs. 42-47.

Días después, el **31 de agosto de 2023**, la parte recurrente radicó ante DACo una *Moción Asumiendo Representación Legal y Solicitud de Prórroga para Presentar Alegación Responsiva o Moción Dispositiva*.[2]

El **8 de septiembre de 2023**, la parte recurrente radicó una *Solicitud de Desestimación y Archivo*. Arguyó que la parte recurrida tenía una deuda con el Consejo de Titulares, que su querella deja de exponer una reclamación que justifique la concesión de un remedio y que fue radicada fuera de término.[3] Posteriormente, el **11 de enero de 2024**, la parte recurrente presentó una *Solicitud Reiterando Desestimación y Archivo de Querella*, reiterando lo planteado en su solicitud anterior.[4]

Así las cosas, el **5 de diciembre de 2023**, el DACo emitió y notificó una *Orden* concediéndole a la parte recurrida quince (15) días para que mostrara causa por la cual no se debía decretar la desestimación y archivo de la querella.[5] Sin embargo, la parte recurrida no cumplió con lo ordenado.[6]

Por tanto, el **9 de enero de 2024**, el DACo emitió una *Resolución*, archivada en autos y notificada a las partes el 11 de enero de 2024. Mediante esta, desestimó la querella y ordenó su cierre y archivo.[7]

Inconforme, el **25 de enero de 2024**, la parte recurrida radicó una *Reconsideración*. Alegó que el seguro del Condominio se multiplicó de $300 a $600, pero que tanto el seguro como el mantenimiento ya estaba pago. Incluyó evidencia de pago del seguro y unos recibos de pagos de mantenimiento. Además, la parte recurrida manifestó que le interesaba saber información

---

[2] Íd., Anejo 7, págs. 48-51.
[3] Íd., Anejo 4, págs. 22-36.
[4] Íd., Anejo 8, págs. 52-65.
[5] Íd., Anejo 5, págs. 37-41.
[6] Apéndice del Recurso, Anejo 3, pág. 18.
[7] Íd., págs. 14-21.

del complejo donde vive, y que este no ha entregado información a los titulares.[8]

Meses después, el **21 de febrero de 2024**, la parte recurrida radicó una *Moción* donde expresó querer reabrir el caso porque entendía que fue "cerrado por un tecnicismo de deuda".[9] Después, el **18 de marzo de 2024**, la parte recurrida radicó una *Moción de Relevo de Resolución*, reiterando lo expresado anteriormente.[10]

Finalmente, el **18 de abril de 2024**, el DACo emitió un *Relevo de Resolución*, notificado a las partes el 23 de abril de 2024, ordenando que se deje sin efecto la *Resolución* emitida el 9 de enero de 2024. Fundamentó su decisión en la *Moción de Relevo de Resolución* del 18 de marzo de 2024, con la cual la parte recurrida sometió prueba de pago del seguro del complejo.[11]

El **29 de abril de 2024**, el DACo emitió una *Resolución Sumaria*, notificada al día siguiente, donde adjudicó la reclamación a favor de la parte recurrida. Mediante esta, el DACo ordenó que, dentro del plazo de diez (10) días laborables, la parte recurrida tendrá a disponible para examen los documentos requeridos. Además, le apercibió a la parte recurrente que el incumplimiento podría dar lugar a que se le imponga una multa administrativa de hasta $10,000.00.[12]

Inconforme aún, el **23 de mayo de 2024**, la parte recurrente compareció ante esta Curia y expuso los siguientes señalamientos de error:

> **PRIMER ERROR: ERRÓ EL DACO AL EMITIR UN RELEVO DE RESOLUCI[Ó]N SUMARIA CUANDO YA DACO HAB[Í]A PERDIDO JURISDICCI[Ó]N SOBRE EL CASO, SIENDO ESTA ACTUACI[Ó]N UNA ILEGAL.**

---

[8] Íd., Anejo 9, págs. 66-68.
[9] Íd., Anejo 10, pág. 69.
[10] Íd., Anejo 11, pág. 70.
[11] Íd., Anejo 1, págs. 1-4.
[12] Apéndice del Recurso, Anejo 2, págs. 5-13.

**SEGUNDO ERROR: ABUS[Ó] DE SU DISCRECI[Ó]N EL DACO AL EMITIR UN RELEVO DE RESOLUCI[Ó]N AMPAR[Á]NDOSE EN LOS ARGUMENTOS PRESENTADOS PREVIAMENTE POR LA PARTE RECURRIDA EN LA SOLICITUD DE RECONSIDERACI[Ó]N QUE NO FUE ACOGIDA POR LA AGENCIA, Y SIN QUE ESTUVIERA PRESENTE ALGUNO DE LOS FUNDAMENTOS EXPRESADOS EN LA REGLA 49.2 DE PROCEDIMIENTO CIVIL DE P.R.**

El **30 de mayo de 2024**, la parte recurrente presentó una *Solicitud Para Que Se Emita Orden en Auxilio de Jurisdicción*. Tras varios trámites procesales, el **14 de junio de 2024**, la parte recurrida presentó una *Moción Informativa*, donde solicitó que se deje sin efecto el *Recurso de Revisión Judicial de Decisión Administrativa* presentado por la parte recurrente.

Resumidos los hechos que originan la presente controversia, examinemos el derecho aplicable.

-II-

A.

La Ley de la Judicatura del Estado Libre Asociado de Puerto Rico dispone en el Artículo 4.002 de la Ley Núm. 201-2003 que el Tribunal de Apelaciones revisará, como cuestión de derecho, las decisiones finales de los organismos y agencias administrativas.[13]

De otro lado, la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, (LPAU),[14] dispone en la Sección 4.2 lo siguiente:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.[15]

---

[13] 4 LPRA sec. 24 (u).
[14] 3 LPRA secs. 9601 *et. seq.*
[15] 3 LPRA sec. 9672.

Además, en su Sección 3.15, la LPAU dispone que:

La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tornar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales.[16]

La ausencia de jurisdicción trae varias consecuencias, tales como el que no sea susceptible de ser subsanada; las partes no puedan conferírsela voluntariamente a un foro sentenciador como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso, y puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*.[17]

-III-

En el presente caso, la parte recurrente señala, como primer error, que el DACo incidió al emitir un relevo de

---

[16] 3 LPRA sec. 9655.
[17] *Allied Management Group, Inc. v. Oriental Bank,* 204 DPR 374, 385 (2020).

resolución sumaria cuando ya había perdido jurisdicción sobre el caso. Le asiste la razón.

Surge del expediente que el 9 de enero de 2024, el DACo emitió una *Resolución*, notificada el 11 de enero de 2024. Posteriormente, el 25 de enero de 2024, la parte recurrida radicó una *Reconsideración*.

Conforme a la Sección 3.15 de la LPAU, *supra*, la agencia debió considerarla dentro de los quince (15) días de haberse presentado dicha moción, pero no lo hizo. Por tanto, el término para solicitar revisión comenzó a correr nuevamente desde que expiraron esos quince (15) días.

Expirado el término para recurrir a este foro, el 18 de abril de 2024, el DACo emitió un *Relevo de Resolución*. Aún después, el 30 de abril de 2024, el DACo emitió una *Resolución Sumaria.* Sin embargo, ya el DACo había perdido jurisdicción. Recordemos que la ausencia de jurisdicción no puede ser subsanada y, como consecuencia, conlleva la nulidad de los dictámenes emitidos. Es importante destacar que como tribunal apelativo estamos obligados a examinar la jurisdicción del foro de donde procede el recurso.

Luego de evaluar lo anterior, es forzoso concluir que le *Resolución* recurrida es nula porque fue dictada por un foro sin jurisdicción, por lo que no procede discutir el segundo error señalado por la parte recurrente.

### -IV-

Por los fundamentos antes expuestos, **revocamos** la *Resolución* recurrida.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria del Tribunal.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones